IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TAMARA MCCORMICK et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>                Defendant. | Case No: 3:10-cv-03107-JES-BGC<br><br>**Judge Jeanne E. Scott**<br>**Magistrate Judge Byron G. Cudmore** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE

Defendant The Prudential Insurance Company of America[1] ("Prudential") hereby files its Memorandum of Law in Support of its Motion to Dismiss Count IX of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and to strike Counts III, IV, VI pursuant to Fed. R. Civ. P. 12(f):

### I.    INTRODUCTION

This case concerns Plaintiff Tamara McCormick's ("Plaintiff") allegations that her claim for long term disability benefits was improperly denied and her husband, Dirk McCormick's ("Mr. McCormick") (collectively, "Plaintiffs") allegation that he has become liable for the expenses of his family as a result therefrom. Plaintiff is a member of the "Covered Classes" under a group long term disability policy issued by Prudential to her former employer, University of Illinois. Mr. McCormick alleges that the acts or omissions of Prudential "caused a decrease in the family income because [he] has become liable for the expenses of [Plaintiff] and their children under the Illinois Marital Expense Act." 750 Ill. Comp. Stat. 65/15 (the "Act"). Even taking as true Mr. McCormick's allegations, he fails to state a claim upon which relief may

---

[1] Plaintiff improperly named Prudential Insurance Company of America as the defendant; the correct entity should be *The* Prudential Insurance Company of America.

738630.1

be granted because the Act does not apply to a situation as exists here where Prudential, as only an insurer, has not caused the family to incur any "family expenses." Accordingly, Mr. McCormick's claim under the Act should be dismissed with prejudice. In addition, Plaintiff's separate claims for punitive damages based on two counts of common law fraud and for a violation of the Illinois Consumer Fraud and Deceptive Practices Act should be stricken as they are redundant of other claims alleged against Prudential.

## II.    FACTUAL BACKGROUND

Prudential issued a Group Long Term Disability Policy No. DG-92630-IL (the "Policy") to University of Illinois wherein Prudential provides long term disability coverage to the "Covered Classes," that is, active full-time faculty-staff members who enroll in the group long term disability insurance program and pay the required premiums. Plaintiff was enrolled as a member of the "Covered Classes" under the Policy, subject to that Policy's terms and conditions. A claim for long term disability benefits ("LTD Benefits') is governed by the terms of the Policy of insurance issued by Prudential. By letter dated May 6, 2009, Prudential informed Plaintiff that LTD Benefits were payable only through January 30, 2006 – the date she will have received the maximum amount of LTD Benefits payable under the Policy provision, "What Disabilities Have a Limited Pay Period Under the Plan?" Prudential further informed Plaintiff that no additional LTD Benefits were payable. This lawsuit subsequently ensued on May 14, 2010.

## III.    LEGAL ARGUMENT

**A.    The Court Should Dismiss Count IX of the Complaint Because Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.**

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009), cert. denied, 130 S. Ct. 749 (2009). Faced with a

motion to dismiss, a plaintiff cannot rely on, and a court is not bound to accept, unsupported conclusions of law or conclusions of law couched as factual allegations. *See e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (Court not "bound to accept as true a legal conclusion couched as a factual allegation). The Supreme Court held in *Twombley* that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. When considering a motion to dismiss, therefore, "a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Only a complaint that "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," survives a motion to dismiss. *Id*. at 1949.

As shown below, Mr. McCormick's claim brought pursuant to the Illinois Marital Expense Act is improper. That Act, 750 Ill. Comp. Stat. 65/15, provides in pertinent part:

> (a)(1)   The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or either of them, **in favor of creditors therefore**, and in relation thereto they may be sued jointly or separately. [emphasis added].

As stated, the Act makes a husband and wife jointly liable for all family expenses incurred with creditors, regardless of which spouse incurs the expenses. *Proctor Hosp. v. Taylor*, 279 Ill. App. 3d 624, 665 N.E.2d 872 (1996). *Id*. Hospital, medical and funeral expenses are "family expenses" within the meaning of the Act. *Fortner v. Norris*, 19 Ill. App. 2d 212, 153 N.E.2d 433 (1958). Although the Act's purpose is to protect creditors, *Proctor Hosp.* 665 N.E.2d at 875, Illinois courts also have held that a spouse may maintain an action against a tortfeasor under the Act for family expenses incurred due to injuries the victim's spouse incurs on account of the torteasor. *Gragg v. Calandra*, 297 Ill. App. 3d 639, 696 N.E.2d 1282 (1998),

*reh'g denied, appeal denied* 181 Ill. 2d 570, 706 N.E.2d 496; *see also Brown v. Metzger*, 118 Ill. App. 3d 855, 455 N.E.2d 834 (1983) (cause of action maintainable against a tortfeasor by a spouse for family expenses from injuries to the other spouse for which the suing spouse has become liable under this Act), *aff'd*, 104 Ill. 2d 30, 470 N.E.2d 302 (1984).

Here, Mr. McCormick alleges in conclusory fashion that "[t]he acts and omissions of Prudential [] caused a decrease in the family income because [Mr. McCormick] has become liable for expenses of [Plaintiff] and their children under the Illinois Marital Expense Act." *See* Complaint, Count IX, ¶ 135. The Act does not, however, provide redress for a decrease in family income because of the alleged acts or omissions of an insurer. Neither does the Act provide reimbursement for "family expenses" from an insurer whose actions did not cause those expenses to be incurred. Prudential is not aware of any Illinois case law that holds otherwise. Moreover, even in the alleged role of tortfeasor, Prudential did not cause Mr. McCormick to become liable for "family expenses" given that any medical or hospital expenses he became liable for did not stem from Prudential's alleged acts or omissions. *See Prodromos v. Everen Sec., Inc.*, 389 Ill. App. 3d 157, 906 N.E.2d 599, 611 (2009) (It is the plaintiff's burden to prove that a defendant's actions were the proximate cause of the injuries alleged before recovering in tort.). As such, Mr. McCormick's claim under the Illinois Marital Act should be dismissed with prejudice.

    **B. Counts III, IV and VI of the Complaint for Punitive Damages Should Be Stricken From the Complaint Because They Are Duplicative of Relief Which May Be Allowed In Other Counts of the Complaint.**

In Counts I, II and V of the Complaint, respectively, Plaintiff alleges (a) common law fraud for affirmative misrepresentation, (b) common law fraud for failure to disclose material facts and (c) a violation of the Illinois Consumer Fraud and Deceptive Practices Act

(collectively, the "Base Claims"). Plaintiff also alleges separate punitive damages claims (collectively, the "Punitive Damage Claims") in Counts III, IV and VI of the Complaint derived from the foregoing Base Claims. Plaintiff's Punitive Damages Claims are merely redundant of the relief available for the Base Claims and thus clutter the Complaint. Pursuant to Fed. R. Civ. P. 12(f) this Court may strike "any redundant, immaterial, impertinent, or scandalous matter." *See also Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992) (courts have discretion to strike portions of pleadings that serve to clutter the case, confusing and complicating the issues). Plaintiff's Punitive Damage Claims may be an element of damages of the Base Claims and thus may be allowed there.

This Court very recently agreed in *Waggener v. Macoupin Cnty.*, Ill., No. 08-3166, 2009 WL 1308919, at *1 (C.D. Ill. May 8, 2009), where it struck a plaintiff's separate punitive damage claim as "merely redundant of the other claims against [the defendant]" and held that the plaintiff need not plead punitive damages as a separate count. This Court further observed that Fed. R. Civ. P. 8(a)(3) provides that any claim "may include relief in the alternative or different types of relief." *Id*. Thus, any relief sought by Plaintiff for punitive damages should be sought pursuant to the Base Claims and the separate Punitive Damage Claims should be stricken accordingly.

### IV.    CONCLUSION

Because Prudential did not cause Mr. McCormick to become liable for "family expenses," Prudential cannot be liable under the Illinois Martial Expense Act and the claim brought thereunder should be dismissed. Additionally, Plaintiff's separate punitive damages

738630.1

claims in Counts III, IV and VI are allowed for in Counts I, II and V and should therefore be stricken from the Complaint.

Respectfully Submitted,

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant**

By:  */s/ Edna S. Bailey*
         One of Its attorneys

Edna S. Bailey
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522

738630.1

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, hereby certifies that on July 22, 2010, she electronically filed the forgoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**R Gerald Barris**    rgbarris@sorlinglaw.com, bjbiondolino@sorlinglaw.com

**Silas L McCormick**    slmccormick@sorlinglaw.com

      /s/ Edna S. Bailey
Edna S. Bailey, IL6277775
**Attorney for Defendant The Prudential Insurance Company of America**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
(312) 704-0550
(312) 704-1522
edna.bailey@wilsonelser.com