UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TAMARA MCCORMICK and<br>DIRK MCCORMICK,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA, a corporation,<br><br>　　　Defendant. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） | Case No.  3:10-cv-03107 |

## PLAINTIFFS' MOTION TO STRIKE EVASIVE ANSWERS IN DEFENDANT'S AMENDED PARTIAL ANSWER FILED ON AUGUST 2, 2010

COME NOW Plaintiffs, Tamara McCormick and Dirk McCormick, by and through their attorneys, Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., R. Gerald Barris and Silas L. McCormick, of counsel, and in Support of their Motion to Strike Evasive Answers in Defendant's Amended Partial Answer Filed on August 2, 2010, state:

　　　1.　　Federal Rule of Civil Procedure 8(b)(1)(B) provides that in responding to a pleading, a party must admit or deny the allegations asserted against it by an opposing party.

　　　2.　　Further, Federal Rule of Civil Procedure 8(b)(2) provides that a denial must fairly respond to the substance of the allegation.

3.     Prudential has refused to admit or deny the substance of Plaintiffs' allegations. For example, Prudential ignored even the simplest of Plaintiffs' allegations. Paragraph 44 of the Common Allegations of Plaintiffs' Complaint alleges:

> On April 26, 2005, Prudential sent Tamara a letter (see **Exhibit 8**, 0911-0914) stating "we have determined that you are eligible for LTD benefits and have allowed your claim."

Prudential "answered" this allegation as follows:

> Prudential admits that Plaintiffs' Complaint attaches as Exhibit 8 a copy of a letter from Prudential to Plaintiff Tamara McCormick dated April 26, 2005. That letter speaks for itself. To the extent the remaining allegations of Paragraph 44 of Plaintiffs' Complaint are inconsistent with the content of that letter, those allegations stand denied.

What does this paragraph mean? The first half appears to indicate that Prudential did indeed send this letter but the following "to the extent language" calls into question what it is that Prudential is (or is not) denying. Is Prudential acknowledging that it sent the letter, but denying that the quote is accurate? If the quote is accurate and is clearly present in the letter that Prudential appears to admit that it sent, what is it that Prudential is denying? If Prudential is not denying anything at all, then what does the "to the extent" phrase mean? Who decides "the extent" to which paragraph 44 is inconsistent? Is this a decision made by the Defendant alone? When does the Defendant have to decide if an allegation is inconsistent with the content of this letter? Because it is not clear whether

Prudential has admitted or denied this allegation, it cannot be said that Prudential has answered the Complaint in any meaningful manner.

4. Prudential has refused to admit or deny the substance of the Plaintiffs' allegations by using vague "to the extent" language that appears in at least the following locations in Prudential's Answer:

**Common Allegations (which are incorporated into each Count):**
Paragraphs 22, 23, 36, 37, 38, 39, 41, 42, 43, 44, 46, 48, 51, 52, 54, 55, 59, 61, 64, 70, 72, 74, 76, 78, 86, 87, 88, 89, 90, 92, 93, 96, 97, 101, 102, 103, 104, 105, 106, 108, 109, 111, 113, 114, 115, 118, 119, 120, 121, 122, 123, and 124.

**Count IV:**
Paragraph 125

**Count VI:**
Paragraph 125

WHEREFORE, Plaintiffs TAMARA MCCORMICK and DIRK MCCORMICK request that this honorable Court strike the aforementioned responses to Plaintiffs' allegations and find that they have been admitted, or in the alternative, require that Prudential re-answer the above allegations in a meaningful manner. A proposed Order is attached as Exhibit 1.

> TAMARA MCCORMICK and
> DIRK MCCORMICK, Plaintiffs,
>
>
> By: __/s/ R. Gerald Barris__
> R. Gerald Barris #123323
> Silas L. McCormick # 6299455

        Sorling, Northrup, Hanna,
         Cullen & Cochran, Ltd.
        Suite 800 Illinois Building
        607 East Adams Street
        Post Office Box 5131
        Springfield, IL  62705
        Telephone:  217/544-1144
        Telefax:  217/522-3173
        E-Mail:  rgbarris@sorlinglaw.com
        E-Mail:  slmccormick@sorlinglaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Edna S. Bailey
Wilson, Elser, Moskowitz,
　Edelman & Dicker LLP
120 North LaSalle Street, Suite 2600
Chicago, IL  60602
edna.bailey@wilsonelser.com

　　　　　　　　　　　　　　　　By:　/s/ R. Gerald Barris
　　　　　　　　　　　　　　　　R. Gerald Barris #123323
　　　　　　　　　　　　　　　　Silas L. McCormick # 6299455
　　　　　　　　　　　　　　　　Sorling, Northrup, Hanna,
　　　　　　　　　　　　　　　　　Cullen & Cochran, Ltd.
　　　　　　　　　　　　　　　　Suite 800 Illinois Building
　　　　　　　　　　　　　　　　607 East Adams Street
　　　　　　　　　　　　　　　　Post Office Box 5131
　　　　　　　　　　　　　　　　Springfield, IL  62705
　　　　　　　　　　　　　　　　Telephone:  217/544-1144
　　　　　　　　　　　　　　　　Telefax:  217/522-3173
　　　　　　　　　　　　　　　　E-Mail:  rgbarris@sorlinglaw.com
　　　　　　　　　　　　　　　　E-Mail:  slmccormick@sorlinglaw.com