UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

TAMARA MCCORMICK and )
DIRK MCCORMICK, )
)
   Plaintiffs, )
)
   v. )   Case No. 3:10-cv-03107
)
PRUDENTIAL INSURANCE COMPANY )
OF AMERICA, a corporation, )
)
   Defendant. )

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE EVASIVE ANSWERS IN DEFENDANT'S AMENDED PARTIAL ANSWER FILED AUGUST 2, 2010

COME NOW Plaintiffs, Tamara McCormick and Dirk McCormick, by and through their attorneys, Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., R. Gerald Barris and Silas L. McCormick, of counsel, and for their Memorandum in Support of their Motion to Strike Evasive Answers in Defendant's Amended Partial Answer Filed August 2, 2010, state:

**I.    Authority**

According to Federal Rule of Civil Procedure 8(b)(1)(B), in responding to the allegations in plaintiff's complaint, a defendant must admit or deny the allegations. Further, Federal Rule of Civil Procedure 8(b)(2) provides that if a

defendant denies an allegation, in doing so, the defendant must fairly respond to the substance of the allegation.

**II.   Issue**

In this case, the Plaintiffs have attached to the Complaint many documents they have received from Defendant ("Prudential"). In an attempt to streamline the litigation process, the Plaintiffs attached these documents so that Prudential would be required to either admit or deny that they sent or received the letter and further admit or deny the Plaintiffs' characterization of the documents. This would dramatically reduce the need for lengthy or complicated discovery in this matter.

Unfortunately, Prudential has responded to nearly all of Plaintiffs' allegations regarding these documents with what are at best evasive answers and at worst not answers at all. For example, Paragraph 38 of the Common Allegations of Plaintiffs' Complaint alleges:

> On September 17, 2004, Tamara's husband, Dirk, faxed to Prudential the daily diary it had requested on August 2004 (see **Exhibit 4**, 0875-0881).

Prudential "answered" this allegation as follows:

> Prudential admits that Plaintiff's Complaint attaches as Exhibit 4 a copy of a facsimile dated September 17, 2004. That facsimile speaks for itself. To the extent the remaining allegations in Paragraph 38 of Plaintiff's Complaint are inconsistent with the content of that facsimile, those allegations stand denied.

At a minimum, Prudential's answer should have either admitted or denied that they received the attached Exhibit on September 17, 2004. Instead, Prudential has

neither admitted nor denied anything. Further, the phrase "to the extent the remaining allegations…are inconsistent with the content of the facsimile" is literally meaningless. This "answer" is not responsive in the least. How are the Plaintiffs, or for that matter the Court, expected to know to what extent Prudential believes there to be an inconsistency between the allegations and the content of the letter?

Prudential ignored even the simplest of Plaintiffs' allegations. Paragraph 44 of the Common Allegations of Plaintiffs' Complaint alleges:

> On April 26, 2005, Prudential sent Tamara a letter (see **Exhibit 8**, 0911-0914) stating "we have determined that you are eligible for LTD benefits and have allowed your claim."

Prudential "answered" this allegation as follows:

> Prudential admits that Plaintiffs' Complaint attaches as Exhibit 8 a copy of a letter from Prudential to Plaintiff Tamara McCormick dated April 26, 2005. That letter speaks for itself. To the extent the remaining allegations of Paragraph 44 of Plaintiffs' Complaint are inconsistent with the content of that letter, those allegations stand denied.

What does this paragraph mean? The first half appears to indicate that Prudential did indeed send this letter but the following "to the extent language" calls into question what it is that Prudential is (or is not) denying.

Is Prudential acknowledging that it sent the letter, but denying that the quote is accurate?

If the quote is accurate and is clearly present in the letter that Prudential appears to admit that it sent, what is it that Prudential is denying?

If Prudential is not denying anything at all, then what does the "to the extent" phrase mean?

Who decides "the extent" to which paragraph 44 or any similar paragrpah is inconsistent? Is this the decision about what part of Plaintiffs' allegation is inconsistent with the attached document made by the Defendant alone?

When does the Defendant have to decide if an allegation is inconsistent with the content of this letter? Because it is not clear whether Prudential has admitted or denied this allegation, it cannot be said that Prudential has answered the Complaint in any meaningful manner.

In fact, Prudential refused to meaningfully answer more than fifty (50) allegations, instead responding with the evasive language described above. Below is a list of the allegations of the Complaint where Prudential has used the phrase "to the extent" to avoid a meaningful answer:

<u>Common Allegations (which are incorporated into each Count)</u>:
Paragraphs 22, 23, 36, 37, 38, 39, 41, 42, 43, 44, 46, 48, 51, 52, 54, 55, 59, 61, 64, 70, 72, 74, 76, 78, 86, 87, 88, 89, 90, 92, 93, 96, 97, 101, 102, 103, 104, 105, 106, 108, 109, 111, 113, 114, 115, 118, 119, 120, 121, 122, 123, and 124.

<u>Count IV</u>:
Paragraph 125

<u>Count VI</u>:
    Paragraph 125

**III.   Argument**

Evasive or equivocal responses are not permitted under Rule 8. *Lipton Industries, Inc. v. Ralston Purina Co.*, 670 F.2d 1024, 1030 (U.S. Ct. Cust. & Pat. App. 1982) ("an answer which attempts to evade the pleading requirements of Rule 8 by the tactic of an equivocal admission or denial is an admission"). Prudential's evasive answers constitute neither admissions nor denials because (1) they typically do not admit that the document identified was sent or received by Prudential, and even when the language suggests that maybe Prudential is admitting that the letter was sent or received, (2) such clarity is removed by the presence of the phrase "to the extent the remaining allegations are inconsistent," which is virtually meaningless and results in a refusal on Prudential's part to respond to the substance of the allegation.

The Northern District of Illinois made clear in *United Asset Coverage, Inc. v. Avaya Inc.*, 2005 U.S. Dist. LEXIS 18651 (N.D. Ill. 2005) that "'to the extent' assertions in a responsive pleading are a sure tipoff to the statement of an uninformative position that defeats the purpose of notice pleading. They impermissibly leave the reader to guess what the pleader claims to be incorrect or improper and what the pleader intends to leave unchallenged." Once a defendant has deliberately passed on the opportunity to meaningfully answer the allegations

of a complaint, the court may, and should, assume that the allegations have been admitted. *King Vision Pay Per View v. J.C. Dimitri's Restaurant*, 180 F.R.D. 332 (N.D. Ill. 1998) ("all of the allegations of [the complaint] are held to have been admitted…future Rule 8(b) violators are hereby placed on constructive notice that their similarly defective pleadings will encounter like treatment").

## IV. Conclusion

Prudential's refusal to admit or deny the substance of the Plaintiffs' allegations by using vague "to the extent" language appears to be a deliberate means of delaying this litigation and causing even further hardship to the Plaintiffs. For this reason, Plaintiffs respectfully request that this Court strike Prudential's following evasive "answers" and instead deem each allegation not answered to be admitted:

> Common Allegations (which are incorporated into each Count):
> Paragraphs 22, 23, 36, 37, 38, 39, 41, 42, 43, 44, 46, 48, 51, 52, 54, 55, 59, 61, 64, 70, 72, 74, 76, 78, 86, 87, 88, 89, 90, 92, 93, 96, 97, 101, 102, 103, 104, 105, 106, 108, 109, 111, 113, 114, 115, 118, 119, 120, 121, 122, 123, and 124.

> Count IV:
> Paragraph 125

> Count VI:
> Paragraph 125

Respectfully submitted,

TAMARA MCCORMICK and
DIRK MCCORMICK, Plaintiffs,


By:   /s/ R. Gerald Barris
R. Gerald Barris #123323
Silas L. McCormick # 6299455
Sorling, Northrup, Hanna,
  Cullen & Cochran, Ltd.
Suite 800 Illinois Building
607 East Adams Street
Post Office Box 5131
Springfield, IL  62705
Telephone:  217/544-1144
Telefax:  217/522-3173
E-Mail:  rgbarris@sorlinglaw.com
E-Mail:  slmccormick@sorlinglaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on August 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Edna S. Bailey
Wilson, Elser, Moskowitz,
  Edelman & Dicker LLP
120 North LaSalle Street, Suite 2600
Chicago, IL  60602
edna.bailey@wilsonelser.com

                                              By:  __/s/ R. Gerald Barris__
                                              R. Gerald Barris #123323
                                              Silas L. McCormick # 6299455
                                              Sorling, Northrup, Hanna,
                                                Cullen & Cochran, Ltd.
                                              Suite 800 Illinois Building
                                              607 East Adams Street
                                              Post Office Box 5131
                                              Springfield, IL  62705
                                              Telephone:  217/544-1144
                                              Telefax:  217/522-3173
                                              E-Mail:  rgbarris@sorlinglaw.com
                                              E-Mail:  slmccormick@sorlinglaw.com