## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TAMARA McCORMICK and | ) | |
| DIRK McCORMICK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  10-3107 |
| | ) | |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This matter comes before the Court on Defendant Prudential Insurance Company of America's (Prudential) Partial Motion to Dismiss and Motion to Strike (d/e 11).  For the reasons set forth below, the Motion is denied.

## STATEMENT OF FACTS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Plaintiffs Tamara McCormick (Tamara) and Dirk McCormick (Dirk).  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak

<u>Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).

In 1997, Plaintiff Tamara started working for the University of Illinois at Springfield (UIS).  She elected to participate in UIS's long term disability insurance program for its employees.  She enrolled in the program and paid the premiums.  In 2001, Prudential took over the program as the insurance provider.  Prudential represented that there was no change in the coverage or benefits.  Tamara alleges that this representation was false.  Prudential used a more stringent definition of disability that had previously been in place.  <u>Complaint</u>, ¶¶ 8, 14, 17, 19, 20, 23-24.

Tamara alleges that she suffers from a congenital heart defect and chronic atrial fibrillation.  The atrial fibrillation resulted from surgeries that she underwent as a child to treat the heart defect.  She also suffers from fibromyalgia and depression.  Tamara alleges that as a result of these conditions, she became disabled.  <u>Id.</u> ¶¶ 25-32.

Beginning in 2004, Tamara sought disability benefits from Prudential under the UIS plan.  She alleges that Prudential wrongfully delayed processing her claim through a myriad of fraudulent and vexatious acts from August 10, 2004, to May 6, 2009.  <u>Id.</u> ¶¶ 33-122.  She alleges that Prudential finally determined that Tamara was only entitled to twenty-four

months of disability pay due to mental illness.  Id. ¶ 122.  Prudential determined that it owed Tamara $4,522.31, after deductions of prior payments and offsets.  Id. ¶ 123.  She and Dirk then brought this action.

Tamara alleges claims for fraud (Counts I and II), intentional infliction of emotional distress (Count VII), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Deceptive Practices Act) (Count V), and violation of the Illinois Insurance Code prohibitions against vexatious and unreasonable delay in resolving claims (Vexatious Delay) (Count VIII). Complaint, Counts I, II, V, VII, and VIII; 215 ILCS 5/154.6 and 5/155; 815 ILCS 505/1 et seq.  Prudential does not dispute that Tamara states a claim in these five Counts.

Tamara filed three separate Counts in which she requested punitive damages based on her claims of fraud and violation of the Deceptive Practices Act.  Complaint, Counts III, IV, and VI.  Dirk alleged a claim for damages under the Illinois Expense Act (Expense Act).  Complaint, Count IX; 750 ILCS 65/15.  Prudential moves to strike Counts III, IV, and VI as redundant (Motion to Strike).  Prudential moves to dismiss Count IX for failure to state a claim (Motion to Dismiss).  The Court will address the Motion to Dismiss and then the Motion to Strike.

I.    MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).  Under this

4

standard, Dirk states a claim.

The Expense Act makes each spouse liable for family expenses.  750 ILCS 65/15(a).  A spouse may maintain an action against a tortfeasor for the expenses for which he or she has become liable under the Expense Act as a result of the injuries suffered by the other spouse on account of the tortfeasor.  Gragg v. Calandra, 297 Ill.App.3d 639, 644, 696 N.E.2d 1282, 1286 (Ill.App. 2$^d$ Dist. 1998); Brown v. Metzger, 118 Ill.App.3d 855, 860, 455 N.E.2d 834, 838 (Ill.App. 2$^d$ Dist. 1983), aff'd, 104 Ill.2d 30, 470 N.E.2d 302 (Ill. 1984).  In this case, Tamara alleges that Prudential committed the common law torts of fraud and intentional infliction of emotional distress, and the statutory torts of deceptive practices and vexatious delay.  Prudential does not dispute that she states claims for these tortious acts.  Dirk alleges that he has been injured because he has become liable under the Expense Act for expenses incurred as a result of these tortious acts.  Dirk, thus, states a claim.

Prudential argues that it has no liability to Dirk because his increased expenses resulted from Tamara's illness, not Prudential's failure to pay insurance benefits.  The Court disagrees.  Tamara is not alleging a breach of contract or a failure to pay benefits.  She is alleging the torts of fraud,

deceptive practices, intentional infliction of emotional distress, and vexatious delay.  She is alleging that Prudential is a tortfeasor.  She is alleging that she has been injured by Prudential's tortious conduct.  Dirk is alleging that he has incurred expense under the Expense Act as a result of Prudential's tortious injuries that Prudential inflicted on Tamara.  Factual issues may exist regarding the extent to which Dirk's increased liabilities under the Expense Act are attributable to Prudential's tortious conduct, but Dirk still states a claim.  The Motion to Dismiss is denied.

II.   <u>MOTION TO STRIKE</u>

Motions to strike are disfavored and generally are granted sparingly when justice requires.  <u>Marshall v. H & R Block Tax Services, Inc.</u>, 2010 WL 3118678, at *1 (S.D. Ill. 2010).  Whether to grant a motion to strike is within the discretion of the Court.  <u>Delta Consulting Group, Inc. v. R. Randle Construction, Inc.</u>, 554 F.3d 1133, 1141 (7th Cir. 2009).  In this case, Tamara pleaded three claims for punitive damages as separate companion counts.  She did not need to do this; federal pleading rules allow her to seek compensatory and punitive damages in the same count.  <u>Fed. R. Civ. P.</u> 8(a)(3).  Counts III, IV, and VI, thus, appear to be redundant.  Mere redundancy, however, often may not be a sufficient reason to strike

pleadings.  See Hukic v. Aurora Loan Services, Inc., 2006 WL 1457787, at

*6 (N.D. Ill. 2006).  This is particularly true when, as here, Prudential does

not claim that it is prejudiced by the Complaint as written.  Id.  Given the

lack of prejudice, the Court, in its discretion, sees no need to strike Counts

III, IV, and VI.

Prudential cites a case in which this Court exercised its discretion to

strike separate counts for punitive damages.  Waggener v. Macoupin

County, Illinois, 2009 WL 1308919, at *1 (C.D. Ill. May 8, 2009).  In

Waggener, the plaintiff had asked for punitive damages both in the counts

in which he sought compensatory damages and in separate counts.  Id.

Striking the punitive damage counts simplified the pleadings and allowed

the matter to proceed.  Id.  In this case, striking the punitive damage counts

will only create delay.  The Plaintiffs will replead to add prayers for punitive

damages in Counts I, II, and V.  See Response to Defendant's Partial

Motion to Dismiss and Motion to Strike (d/e 15), at 5.  The Court in its

discretion, determines that no reason exists to cause the additional expense

and delay when Prudential does not indicate that it is prejudiced by the

current pleadings.  The Motion to Strike is denied.

THEREFORE, Defendant Prudential Insurance Company of America's

Partial Motion to Dismiss and Motion to Strike (d/e 11) is DENIED.

Defendant Prudential Insurance Company of America is directed to answer

the remainder of the Complaint by September 30, 2010.

ENTERED this 14th day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE