E-FILED
Wednesday, 19 January, 2011 02:13:31 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| TAMARA McCORMICK and DIRK McCORMICK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 10-CV-3107 ) |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corp. | ) ) ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

The Court now considers "Plaintiffs' FRCP 12(f) Motion to Strike Evasive Answers in Defendant's Third Amended Answer (Doc. 31)". See d/e 32. For the reasons stated below, the motion will be DENIED.

## FACTS

On May 14, 2010, Plaintiffs filed a Complaint against Defendant. See d/e 1. Defendant filed "Defendant The Prudential Insurance Company of America's Partial Answer and Affirmative Defenses to Plaintiff's Complaint on July 22, 2010". See d/e 10 (the "Partial Answer"). On August 2, 2010, Defendant mooted the Partial Answer by filing "Defendant

The Prudential Insurance Company of America's Amended Partial Answer and Affirmative Defenses to Plaintiff's Complaint" (the "Amended Partial Answer").  See d/e 13.

On August 9, 2010, Plaintiffs filed two motions to strike.  The first of these moved to strike ¶¶ 22, 23, 36, 37, 38, 39, 41, 42, 43, 44, 46, 48, 51, 52, 54, 55, 59, 61, 64, 70, 72, 74, 76, 78, 86, 87, 88, 89, 90, 92, 93, 96, 97, 101, 102, 103, 104, 105, 106, 108, 109, 111, 113, 114, 115, 118, 119, 120, 121, 122, 123, 124 and 125 of the Amended Partial Answer because those paragraphs used the phrase "to the extent".  See Plaintiff's Motion to Strike Evasive Answers in Defendant's Amended Partial Answer (hereinafter the "Motion to Strike Evasive Answers") (d/e 16), at p. 3.  Plaintiffs argued that Rule 8(b)(1)(B) only allowed a party admit or deny the substance of a complaint's allegations; thus, Defendant could not qualify its various admissions and denials with the phrase "to the extent".  See Motion to Strike Evasive Answers at p. 1.  The second of the August 9th motions was "Plaintiffs' Motion to Strike Defendant's Prayers for Attorney's Fees and Costs In Its Amended Partial Answer Filed August 2, 2010" (hereinafter the "Motion to Strike Prayer").  See d/e 18.

On August 13, 2010, Plaintiffs moved the Court to strike the affirmative defenses contained in the Amended Partial Answer. See d/e 21. Before any ruling was issued on that motion, Defendant moved for leave to file a Second Amended Answer. See d/e 24 (dated August 26, 2010). Prior to any ruling on the motion for leave, Defendant filed "Defendant The Prudential Insurance Company of America's Third Amended Answer, or in the Alternative, Its Second Amended Answer and Affirmative Defenses to Plaintiffs' Complaint" (hereinafter the "Third Amended Answer"). See d/e 31 (dated September 30, 2010). The Third Amended Answer mooted the Second Amended Answer.

Before filing its Third Amended Answer, Defendant e-mailed a copy of the pleading to Plaintiff in an effort to resolve any objections Plaintiff might have. See d/e 34-1 (copy e-mail exchanges between Plaintiffs' and Defendant's counsel). Plaintiff's counsel responded as follows: "My suggestion is that you file a motion to amend along with cc of proposed amendment. If the proposed amendment addresses the issues raised in our motions to strike we will file [a] response that we have no objection to your motion being granted." See d/e 34-1 at p. 4 (Plaintiffs' counsel's August 25, 2010, e-mail to Defendant's counsel).

Once Defendant filed the Third Amended Answer, Plaintiffs filed the instant "Evasive Answer Motion" and "Plaintiffs' FRCP 12(f) Motion to Strike Prudential's First Through Fifth Affirmative Defenses Filed With Its Third Amended Answers (Doc. 31)".  See d/e 32 and d/e 34, respectively.  Defendant timely responded.  See Prudential's Memorandum in Opposition to plaintiffs' Motion to Strike Evasive Answers in Defendant's Third Amended Answer (d/e 37).  Among other things, the Response stated that Plaintiffs reneged on their promise not to oppose the Third Amended Answer.  Id. at p. 9.

To clean up this morass of filings, the Court issued a November 3, 2010, Text Order which denied as moot everything other than the Third Amended Answer (d/e 31), Plaintiffs' "Evasive Answer Motion" and "Plaintiffs' FRCP 12(f) Motion to Strike Prudential's First Through Fifth Affirmative Defenses Filed With Its Third Amended Answers (Doc. 31)".  The Court now rules on Plaintiff's "Evasive Answer Motion".

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As a general rule, motions to strike are

disfavored because such motions often serve only to delay proceedings. See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989), citing United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975).

## ANALYSIS

In Salmeron v. Enterprise Recovery Systems, Inc., 579 F.3d 787, 796 (7th Cir. 2009), the Court stated that "the Seventh Circuit's Standards for Professional Conduct specifically state that a lawyer is permitted to rely on opposing counsel's promises and agreements". Id., citing Practitioner's Handbook for Appeals, *Standards for Prof"l Conduct within the Seventh Judicial Circuit,* at 143 ¶ 6 (2003). In Salmeron, the trial court dismissed a plaintiff's entire case as a sanction for plaintiff's counsel's violation of an "attorney's eyes only" agreement. See Salmeron, 976 F.3d at 797. The dismissal was affirmed by the Seventh Circuit with the Court noting that counsel can be held to their "word". Id. at 796.

In an effort to resolve Plaintiffs' possible objections to the Third Amended Answer, Defendant conferred with Plaintiffs' counsel. See d/e 32-1 (copy of e-mail exchanges between counsel). Plaintiffs stated: "My suggestion is that you file a motion to amend along with cc of

proposed amendment. If the proposed amendment addresses the issues raised in our motions to strike we will file [a] response that we have no objection to your motion being granted." See d/e 34-1 (copy of August 25, 2010, e-mail exchange between counsel).

Plaintiffs had, of course, previously moved to strike Defendant's use of the phrase "to the extent". See d/e 16, at p. 3. Defendant removed that phrase from its Third Amended Answer. Defendant's proposed amendment, therefore, addressed the issue Plaintiffs raised. Accordingly, Plaintiffs should not have moved to strike the Third Amended Complaint. Plaintiffs should have filed a response stating they had no objection. See Salmeron, 579 F.3d at 796.

## CONCLUSION

WHEREFORE, Plaintiffs' FRCP 12(f) Motion to Strike Evasive Answers in Defendant's Third Amended Answer (d/e 32) is DENIED.

ENTER: January 19, 2011

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE