IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TAMARA McCORMICK and DIRK McCORMICK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 10-CV-3107 |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION[1]

BYRON G. CUDMORE, UNITED STATES MAGISTRATE JUDGE:

The Court now considers Plaintiffs Tamara McCormick and Dirk McCormick's Motion to Strike Prudential's First Through Fifth Affirmative Defenses Filed With Its Third Amended Answer (hereinafter the "Motion") (d/e 34). For the reasons stated below, the Court recommends Plaintiffs' Motion be denied in part and allowed in part.

### FACTS[2]

Defendant Prudential Insurance Company of America issued Group Long Term Disability Policy No. DG-92630-IL (the "Policy") to the University

---

[1]The Court is proceeding with a Report and Recommendation as the pending motion is dispositive in nature.

[2]The Court largely adopts the facts and procedural recitation stated in Prudential's Memorandum in Opposition to Plaintiff's FRCP 12(f) Motion to Strike Prudential's First Through Fifth Affirmative Defenses Filed With Its Third Amended Answer (d/e 36) (hereinafter "Defendant's Memorandum").

of Illinois, which covered active, full time faculty and staff members who enrolled in the group insurance program and paid the required premiums (the "Covered Classes"). Plaintiff Tamara McCormick ("McCormick") was a staff member at the University of Illinois and enrolled in the insurance program as a member of the Covered Classes and was subject to the Policy's terms and conditions.

McCormick subsequently filed a claim with Prudential for long term disability benefits ("LTD Benefits") in or around 2004. Prudential paid LTD Benefits for twenty-four months – through January 29, 2006. The LTD Claim was terminated because the Policy contains a twenty-four month benefit limitation, which applied to McCormick's claim.

On May 14, 2010, McCormick and her husband Dirk McCormick (collectively "Plaintiffs") filed their Complaint alleging that Prudential improperly terminated McCormick's claim for LTD Benefits and, as a result, caused damages to both McCormick and her husband. In the Complaint, McCormick asserts causes of action for: (I) common law fraud and affirmative misrepresentation, (ii) common law fraud by failure to disclose material facts, (iii) fraud and deceptive trade practices under the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 505/1, (iv) intentional infliction of emotional distress, and (v) costs and penalties under 215 Ill. Comp. Stat. 5/155. McCormick seeks compensatory and

punitive damages, statutory penalties, attorneys' fees, and expenses. Mr. McCormick separately asserts a claim for damages under the Illinois Marital Expense Act, 750 Ill. Comp. Stat. 65/15, alleging that Prudential's denial of McCormick's LTD claim caused him to become liable for the family's expenses.

On July 22, 2010, Prudential filed its Partial Answer and Affirmative Defenses to Plaintiffs' Complaint as well as a Partial Motion to Dismiss and Motion to Strike. Prudential filed an Amended Partial Answer on August 2, 2010, to address a formatting error in the original filing.

On August 9, 2010, Plaintiffs filed a Motion to Strike Evasive Answers in Prudential's Amended Partial Answer as well as a Motion to Strike Prudential's Prayer for Attorneys' Fees and Costs. Plaintiffs filed a separate Motion to Strike Prudential's First Through Ninth Affirmative Defenses in its Amended Partial Answer ("First Motion to Strike Affirmative Defenses") on August 13, 2010.

Prudential filed a Motion for Leave to File a Second Amended Partial Answer on August 26, 2010. Prudential's proposed Second Amended Partial Answer reasserted only five affirmative defenses from its Amended Answer that were the subject of Plaintiffs' First Motion to Strike Affirmative Defenses. Nevertheless, Plaintiffs filed a Memorandum in Opposition to Prudential's Motion for Leave to File a Second Amended Partial Answer,

raising, for the first time, additional purported deficiencies in Prudential's Answer.

On September 14, 2010, the Court denied Prudential's Partial Motion to Dismiss and Motion to Strike, and ordered Prudential to answer the remainder of the Complaint. In response, on September 30, 2010, Prudential filed its Third Amended Answer, or in the Alternative, its Second Amended Partial Answer and Affirmative Defenses to Plaintiffs' Complaint ("Third Amended Answer"), re-alleging the five following affirmative defenses set forth earlier in its proposed Second Amended Partial Answer:

- <u>First Affirmative Defense</u>: Plaintiffs' claims for relief are barred, in whole or in part, because Prudential acted in good faith and in accordance with the Policy at all times;

- <u>Second Affirmative Defense</u>: Plaintiffs' rights and remedies are limited by the exclusive terms of the Policy, including but not limited to the terms of the Policy for which a limited pay period may apply;

- <u>Third Affirmative Defense</u>: Plaintiff Tamara McCormick is not entitled to benefits as she failed to satisfy the conditions precedent to coverage and eligibility for benefits as set forth in the Policy.

- <u>Fourth Affirmative Defense</u>: To the extent a determination is made that Plaintiff Tamara McCormick is "disabled" as defined by the terms of the Policy (which she is not), any past and future LTD benefits will be offset by any payments received for Social Security disability benefits and by any other Deductible Sources of Income as set forth in the Policy; and

- **Fifth Affirmative Defense**: Prudential reserves the right to raise additional affirmative defenses as may be discovered during the course of the proceedings.

See Defendant's Third Amended Answer (d/e 31) at pp. 70-71.

On October 20, 2010, Plaintiffs filed the instant Motion to Strike Prudential's First Through Fifth Affirmative Defenses Filed With Its Third Amended Answer. See d/e 34. Defendant responded on November 8, 2010. See Defendant's Memorandum (d/e 36). The Court has read these pleadings and now rules.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As a general rule, motions to strike are disfavored because such motions often serve only to delay proceedings. See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989), citing United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975). However, if a motion to strike removes unnecessary clutter from the case, it can serve to expedite, not delay. See Heller, 883 F.2d at 1294.

"Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." Id. To be legally sufficient, affirmative defenses must be set forth in a "short and plain

statement". Id., citing Fed.R.Civ.P. 8(a) and Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 737 (N.D.Ill.1982). If an affirmative defense is defective, leave to amend should be freely granted as justice requires under Federal Rule of Civil Procedure 15(a). See Heller, 883 F.2d at 1294.

ANALYSIS

As a prelude to listing their affirmative defenses, Defendant states: "[w]ithout admitting or acknowledging that Defendant bears the burden of proof as to any of them, Defendant asserts the following affirmative defenses . . . ." See Defendant's Third Amended Answer (d/e 31) at p. 70. Among those affirmative defenses are Defendant's contention that it acted in "good faith" and that Plaintiffs' failed to satisfy "conditions precedent". Id. (Defendant's First Affirmative Defense and Third Affirmative Defense, respectively). Plaintiffs move to strike those defenses, but state they would not so move if Defendant simply accepted that it had the burden of proving its affirmative defenses. See Plaintiff's Memorandum in Support of Their F.R.C.P. 12(f) Motion to Strike First Through Fifth Affirmative Defenses Filed By Prudential With Its Third Amended Answer (hereinafter "Plaintiffs' Memorandum") (d/e 36) at pp. 5-6.

Regardless of whether Defendant voluntarily accept its burden, case law establishes that burden is on the Defendant. See James River Ins. Co. v. Kemper Cas. Ins. Co., 585 F.3d 382, 385 (7th Cir. 2009) (plaintiffs have

the burden of proof "except with regard to affirmative defenses"). Defendants have the burden of proof on affirmative defenses since it makes no sense to require plaintiffs to prove a negative. <u>Id.</u> Since this addresses Plaintiffs' objection to Defendant's "good faith" and "conditions precedent" affirmative defenses, the Court will not recommend striking Defendant's First and Third Affirmative Defenses.

Next, Plaintiffs seeks to strike Defendant's Second and Fourth Affirmative Defenses. <u>See</u> <u>Plaintiff's Memorandum</u> (d/e 36) at pp. 5-6. Defendant's Second Affirmative Defense is its assertion that "Plaintiff's rights and remedies are limited by the exclusive terms of the Policy". <u>See</u> <u>Plaintiffs' Third Amended Answer</u> (d/e 31) at p. 70. Plaintiff correctly notes that this purported affirmative defense is not a defense at all. Defendant's verbiage merely tries to recast an element of Plaintiffs' *prima facie* case (i.e. a right to relief under the Policy) as if it were an affirmative defense. Since Plaintiff cannot recover without establishing its prima facie case, Defendant would be wise to leave that burden to Plaintiffs and not try to wrest it from them via an ill-founded affirmative defense argument.

As to Defendant's Fourth Affirmative Defense (offset of payments), Defendants simply lack a valid present basis for the defense. To date, Defendant offers no evidence that Plaintiff Tamara McCormick has received any payments which might be used to offset payments she would

otherwise be entitled to under the Policy's long term disability benefits. Defendant as much as acknowledges this when it states that "discovery is needed to determine the extent to which the Policy, when applied to the specific facts of this case, place limitations on Plaintiffs' claims and requested relief." See Defendant's Memorandum (d/e 36) at p. 6. If and when Defendant obtains such information, an offset argument can properly be made and leave to amend will be freely given under Federal Rule of Civil Procedure 15(a)(2). For this reason, it is recommended that Defendant's Fourth Affirmative Defense be stricken.

Defendant also attempts to "reserve the right" to raise additional defenses during the course of the proceedings. See Defendant's Memorandum (d/e 36) at p. 7. This "reservation of right" constitutes Defendant's Fifth Affirmative Defense. See Defendant's Third Amended Answer (d/e 31) at p. 71.

Defendant tries to muster support for its Fifth Affirmative Defense by citing Venters v. City of Delphi, 123 F.3d 956, 968 (7th Cir. 1997). However, in Venters the Seventh Circuit merely held that a defendant's failure to raise an affirmative defense in an answer does not preclude the defendant from raising it at some later juncture. Id.

The Venters decision is consonant with Federal Rule of Civil Procedure Rule 15(a), the rule which specifically allows a party to seek leave to amend a pleading. While a party may amend a pleading once as a matter of course under Rule 15(a)(1)(A) or (B), subsequent amendments are not a matter of "right". Rather, they can only be made with leave of court. See Fed.R.Civ.P. 15(a)(2). As such, Venters is inapposite and Defendant's Fifth Affirmative Defense wrongly asserts that Defendant has any right to reserve amendment. It is recommended that Defendant's Fifth Affirmative Defense be stricken.

As a final matter, Defendant asserts that it will be unfairly prejudiced through the striking of any affirmative defense. In its view, the affirmative defenses should be left undisturbed since any infirm defense will be withdrawn and stricken affirmative defense might somehow be deemed waived. See Defendant's Memorandum (d/e 36) at p. 8. The Court is unpersuaded by Defendant's reasoning.

While it is unlikely that Plaintiffs will be prejudiced by allowing a defective affirmative defense to stand, Plaintiffs have presented grounds to have the defenses stricken. Accordingly, a show of prejudice is irrelevant since the law supports Plaintiffs' requested relief. As for Defendant's waiver concerns, Defendant cannot be said to have waived defenses that

were raised and stricken. That is a very different situation from where a defendant simply omits an affirmative defense.

CONCLUSION

WHEREFORE, IT IS RECOMMENDED that Plaintiffs Tamara McCormick and Dirk McCormick's Motion to Strike Prudential's First Through Fifth Affirmative Defenses Filed With Its Third Amended Answer (d/e 34) be denied in part and allowed in part. IT IS RECOMMENDED that Plaintiff's Motion be denied as to Defendant's First and Third Affirmative Defenses, and that Plaintiff's Motion be allowed as to Defendant's Second, Fourth and Fifth Affirmative Defenses. IT IS FURTHER RECOMMENDED that Defendant's Second, Fourth and Fifth Affirmative Defenses be stricken.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: January 21, 2011

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE